**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

**v.**

**DIFCO LABORATORIES, INC., Respondent.**

No. 17315.

United States Court of Appeals
Sixth Circuit.

Feb. 20, 1968.

**664**

Allison Brown, N. L. R. B., Washington, D. C. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. General Counsel, Nancy M. Sherman, Leonard M. Wagman, Attys., N. L. R. B., Washington, D. C., on the brief), for petitioner.

Frederick B. Schwarze, Detroit, Mich. (Leonard A. Keller, Frederick B. Schwarze, Detroit, Mich., on the brief), for respondent.

Before O'SULLIVAN and McCREE, Circuit Judges, and WEINMAN, District Judge.*

McCREE, Circuit Judge.

This case is before us on a petition by the National Labor Relations Board for enforcement of an order affirming its trial examiner's summary determination that Difco Laboratories, Inc., a manufacturer of biological materials and supplies, unlawfully refused to bargain with the representative [1] of two different units of its employees, in violation of sections 8(a) (5) and (1) of the National Labor Relations Act, 29 U.S.C. §§ 8(a). (1), 8(a) (5). The decision and order of the Board are reported at 154 NLRB No. 75. Difco contends that, in two previous representation cases, the Board erred in determining the appropriateness and composition of the units involved here, and that the Board further erred in failing to conduct a hearing on Difco's objections to the election held in one of the representation cases.

In July, 1964, the union filed a representation petition seeking certification as bargaining representative of a unit consisting of Difco's tissue culture laboratory (Departmnet 35) employees. At a hearing held on the petition, the parties stipulated that the facts concerning the Department 35 employees were the same as those found in a 1960 representation proceeding. The 1960 proceeding is reported in Difco Laboratories, Inc., 129 NLRB 887. In the 1960 proceeding, the United Automobile, Aircraft and Ag-

---

* Honorable Carl A. Weinman, Chief Judge, United States District Court for the Southern District of Ohio, sitting by designation.

1. Oil, Chemical and Atomic Workers International Union, Local 7–389, AFL-CIO.

ricultural Implement Workers of America (UAW) sought to represent the Department 35 employees as part of a unit of technical employees. The Board determined, however, that the Department 35 employees were not technical employees but were a residual group of production employees which could be added to a unit of production employees already represented by the UAW. The Board directed an election to determine whether the Department 35 employees desired to be added to the existing production unit, and the union lost.

In the July, 1964 proceeding, over the objection of the employer that the Department 35 employees should be added to the existing production unit, the Regional Director found that the UAW no longer claimed an interest in representing these employees, and held that the employees constituted a residual production unit which could appropriately be represented by the union here involved. An election was directed. Difco sought Board review of the Regional Director's decision and direction of election on the grounds that the director had departed from Board precedent, had based his determination upon the extent of union organization in violation of Section 9(c)(5) of the Act, 29 U.S.C. § 159(c) (5), and had improperly fractionalized an integrated unit. Review was denied, and the union won the election which was held on September 18, 1964.

Difco filed objections to the election, contending that "the employees were not given the free and untrammeled opportunity to vote under the so called laboratory conditions required by the Board" for the following four reasons:

1. That notwithstanding the fact that the Board's Decision and Direction of Election dated August 24, 1964, and the Notice of Election issued September 11, 1964, which was posted on September 14, 1964, stated that those eligible to vote were the employees of the Tissue Culture Laboratory (Department 35), the Union and its representatives misrepresented to employees in other departments and laboratories that they were eligible to vote. As a result and in defiance of instructions that they were to remain at their work, such ineligible employees gathered in a group at the entrance to the voting place shortly before the election period opened at 4 p. m. and thereby created a scene of the greatest confusion and disorder. Such ineligible employees then crowded into the election area and remained there until all of them had voted and been challenged. As a result, many of the employees who where eligible to vote were frightened and confused and deprived of their opportunity to vote calmly and rationally.

2. That the Board's Notice of Election was issued on September 11, 1964, and received by the Employer on September 14, 1964. No preliminary instructions had been issued with regard to election procedures, including the settling of the list of eligible voters. On September 15, 1964, the Employer received a letter from the Board stating that a payroll list for the period ending Friday, August 14, 1964, should be sent to the offices of the Board for inspection by the Union on the day preceding the election. On September 16, 1964, the Employer's attorney sent the Board a list, by regular mail with postage prepaid, with a letter of explanation as to the differences between the list produced at the hearing on August 14, 1964, and the list reflecting the payroll period ending Friday, August 14, 1964. So far as is known to the undersigned, no effort was made by the Board or by the Union to resolve the questions raised by the discrepancies between the two lists. The brief period of time allowed between the sending of the Notice of Election and the holding of the election itself, and the failure of the Board and the Union to attempt to resolve questions of eligibility of voters, contributed to the confusion and misunderstanding of the employees and to the creation of the disturbance which occurred immediately

prior to and during the election as described above.

3. That on the day of the election, the Union and its representatives circulated a rumor, widely believed by the employees throughout the plant, that if the Union failed to win the election, all of the employees in Department 35, the Tissue Culture Laboratory, would be discharged and that accordingly the only protection for their jobs was to vote the Union in as their representative.

4. That the election is void because the unit established by the Decision and Direction of Election dated August 24, 1964, is erroneous for the reasons stated in the Employer's Request for Review dated August 28, 1964, and filed with the Board.

A hearing was requested on these objections, but the Regional Director chose to consider them through an administrative investigation. He stated in his supplemental decision that "All parties were afforded full opportunity to be heard, to produce witnesses, and to submit evidence bearing on the issues." On the basis of his investigation, the Regional Director concluded, with regard to the first three objections, that if any confusion existed, it could not be attributed to actions of the union, and that, in any event, the employees were not denied the free exercise of their franchise. With regard to the fourth objection, the Regional Director concluded that the appropriateness of the unit had already been considered by the Board, which had denied review of the unit determination, and could not be considered as an objection to the election. Difco requested review by the Board of the Regional Director's decision on the election objections "for the reasons stated in the Employer's Objections to Conduct of Election." This request was denied.

In November, 1964, the union filed a representation petition seeking certification as bargaining representative for all technical employees in Difco's Departments 36, 42, and 43. This unit had

been found by the Board to be appropriate in the 1960 proceeding referred to previously, and the parties in the present case stipulated to the appropriateness of the unit. Difco contended, however, that eleven of the employees which the union sought to represent were properly classifiable as professional rather than technical employees, and that in accordance with section 9(b) (1) of the Act, 29 U. S.C. § 159(b) (1), these eleven employees could not be included in the unit unless they had first indicated their desire to be so included. Six of these employees had been determined to be technical employees during the 1960 proceeding, and the Regional Director found that their duties had not substantially changed. One employee, Vera Boricic, had been classified as a professional employee during the earlier proceeding, but the Director determined that the evidence introduced during the earlier proceeding concerning Boricic's educational background had been erroneous, and he therefore classified her as a technical employee. Three employees were found by the Director to be involved in work not substantially different from that of others classified as technical. The remaining employee, Janet Booth, was allegedly hired by Difco with the expectation that she would eventually engage in professional work, but the Director determined that at the time of the hearing she was properly classified as a technical employee. Finding no merit in Difco's contentions, the Director ordered an election, which was won by the union. Difco's request that the Board review the direction of election was denied on the ground that it had been untimely filed.

Difco refused to bargain with the union selected by its employees in the two representation proceedings above described, and was therefore found to have violated sections 8(a) (5) and (1) of the Act, this violation being the basis for the bargaining order which the Board here seeks to have enforced. Difco's substantive defenses are essentially those which were raised in the representation proceedings, and Difco also contends that

a hearing was improperly denied during the July proceeding.

■ The finding of the Board in the July representation case with regard to the appropriateness of the unit consisting of Difco's Department 35 production employees must be affirmed unless it can be said to be arbitrary or capricious or unless it violates some specific provision of the Act. See, e. g., N. L. R. B. v. Prudential Ins. Co.. of America, 154 F.2d 385 (6th Cir. 1946); N. L. R. B. v. Merner Lumber and Hardware Co., 345 F.2d 770 (9th Cir. 1965), cert. denied, 382 U.S. 942, 86 S.Ct. 397, 15 L.Ed. 2d 352 (1965). The finding of the Board that the unit is an appropriate residual unit of production employees is supported by substantial evidence. See Westinghouse Air Brake Co., 119 NLRB 1391; Holiday Hotel, 134 NLRB 113. It is therefore not arbitrary, nor does it violate section 9(c) (5), which prohibits the Board from regarding the extent of union organization as the controlling factor in making a unit determination. Furthermore, we find that the evidence of the educational background and the nature of the work performed by the employees whose status was in dispute in the November proceeding provides substantial support for the Board's conclusion that these employees were not professional.

With regard to the necessity of conducting a full hearing on an employer's objections to an election, Board Regulations provide:

If the election has been conducted pursuant to a direction of election issued following any proceeding under § 102.67 [as was done in this case], the regional director may (1) issue a report on objections or challenged ballots, or both, as in the case of a consent election pursuant to § 102.62(b), or (2) exercise his authority to decide the case and issue a decision disposing of the issues and directing appropriate action or certifying the results of the election. In either instance, such action by the regional director may be

on the basis of an administrative investigation, or, if it appears to the regional director that substantial and material factual issues exist which can be resolved only after a hearing, on the basis of a hearing before a hearing officer, designated by the regional director. 29 C.F.R. § 102.69(c).

■ The Board's rule that a hearing be held only if "substantial and material" factual issues are raised has been described as "a requirement not only proper but necessary to prevent dilatory tactics by employers or unions disappointed in the election returns." N. L. R. B. v. Joclin Mfg. Co., 314 F.2d 627, 632 (2d Cir. 1963). The question presented here is whether Difco's objections, as previously set out in full, present issues which are substantial and material. There can be no doubt that the matter of confusion surrounding a representation election is highly relevant to the validity of the election. It has been held, however, that in order to require a hearing, it is necessary that the party making the request offer "specific evidence of specific events from or about specific people" which would tend to support the objections. N. L. R. B. v. Douglas County Electric Membership Corp., 358 F.2d 125 (5th Cir. 1966). While there must be limits to what an objecting party can be required to offer in order to render a hearing necessary, it is not unreasonable to demand a certain degree of specificity in order to prevent unjustifiable delays. In the instant case, it is doubtful that Difco's conclusory statements concerning the confusion existing at the plant, unaccompanied by affidavits or other exhibits tending to support these conclusions, would require the regional director to hold a hearing. There is, in any event, a sufficient procedural ground for enforcing the order of the Board.

■ Difco's complaint is not simply that no hearing was provided by the Regional Director, but rather that no hearing was provided at any stage of the proceedings. This argument implies, we think correctly, that the crucial question

is whether a party is given a fair opportunity to present its case, and not whether this opportunity occurs at some particular stage. See N. L. R. B. v. Capital Bakers, Inc., 351 F.2d 45, 51 (3d Cir. 1965). Once the Regional Director has rendered his decision, an objecting party is free to seek review by the Board, and although Board regulations severely limit the scope of review,[2] the Board is permitted to grant review on the ground "That the regional director's decision on a substantial factual issue is clearly erroneous on the record and such error prejudicially affects the rights of a party." 29 C.F.R. § 102.67(c) (2). These regulations also provide that when an objection is based on an alleged factual error, the request for review "must contain a summary of all evidence or rulings bearing on the issues together with page citations from the transcript and a summary of argument." 29 C.F.R. § 102.67 (d). In the instant case, Difco requested review "for the reasons stated in Employer's Objections to Conduct of Election." Although the Regional Director had offered the parties an opportunity to provide him with whatever evidence they considered relevant, the request for review made no reference at all to the evidence upon which Difco relied or to the manner in which Difco regarded the Regional Director as having erred. Without such references, it is difficult to see how the Board could find that Difco had been prejudiced by denial of a hearing. Even the denial of the opportunity to cross-examine the Board's witnesses would not necessarily prove that prejudice had resulted, since Difco would have had to produce some evidence of its own to sustain its objections to the election. Hence, Difco itself must bear the responsibility for not having obtained review by the Board of the Regional Director's alleged errors. Cf. N. L. R. B. v. Tennessee Packers, Inc., Frosty Morn Division, 379 F.2d 172, 178 (6th Cir. 1967).

The order is enforced.