Vaughn W. LEMLEY and Anna L. Lemley, his wife, Plaintiffs,

v.

J & B TIRE COMPANY et al., Defendants and Third-Party Plaintiffs,

v.

Daniel W. SHETLER, III, Third-Party Defendant.

Civ. A. No. 75–1333.

United States District Court, W. D. Pennsylvania.

March 1, 1977.

Milton D. Rosenberg, Washington, Pa., for plaintiffs.

George M. Weis, Robert C. Jones, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

### (MOTION OF DEFENDANTS MORRISONS)

WEBER, Chief Judge.

In this action plaintiffs seek to recover for personal injuries suffered when they were struck by an automobile driven by one Shetler. Shetler had purchased the automobile from the defendants Morrison in a used condition. Morrison had taken the automobile to Defendant J. B. Tire Company for repairs prior to the sale.

Plaintiffs sued the Morrisons and J. B. Tire Company alleging that the defective condition of the automobile was the cause of their injuries and that these defendants are liable to them under the following doctrines of law:

1. The Rule of Restatement, Torts 2d Sec. 402A for the sale of a defective product;
2. The Rule of Sec. 2–313 of the Uniform Commercial Code by reason of an express warranty;
3. The law of negligence.

Defendants Morrisons have moved for partial summary judgment in their favor on the grounds that the facts which are not in dispute do not permit recovery under Sec. 402A of the Restatement Torts 2d or under any doctrine of warranty.

### I.

There is no dispute that plaintiffs may assert a cause of action in negligence against defendants Morrisons.

### II.

The plaintiffs cannot prevail on any cause of action asserted under the doctrine of Sec. 402A of the Restatement, Torts 2d, because the defendants Morrisons are not sellers engaged in the business of selling such a product. Even though the text of Rule 402A is clear as to this requirement, Comment F of the Reports Notes illustrates this point: "Nor does it apply to the owner of an automobile who on one occasion, sells it to his neighbor." The rationale of the Rule is further explained in Comment F. This determination has nothing to do with the status of plaintiff vis-a-vis the alleged seller.

### III.

Plaintiffs may not recover from Morrisons on the grounds that there was an express warranty from Morrison to Shetler that the automobile was free from defects, including defects from the repair of the automobile because plaintiffs had no contract relation with Morrisons nor are they within the scope of Sec. 2–318 of the Uniform Commercial Code which extends the benefits of warranties to members of the family, household, or guests in the home or a buyer.

Nor do the plaintiffs meet the judicial exception to the privity requirement set forth in *Kassab v. Central Soya*, 432 Pa. 217, 246 A.2d 848 [1968], and *Salvador v. Atlantic Steel Boiler*, 457 Pa. 24, 319 A.2d 903 [1974] because in those cases the seller met the definition of Sec. 402A of the Restatement, Torts 2d, and the Pennsylvania Supreme Court saw no reason to apply a different rule in an identical controversy solely because a claim was based on liability for warranty rather than strict liability under Restatement, Torts 2d § 402A. Both *Central Soya* and *Atlantic Steel Boiler* were cases where the warrantor was a *merchant* under the definition of Sec. 2–104(1) of the Uniform Commercial Code, or a seller engaged in the business of selling such a product under Restatement, Torts 2d § 402A. In *Kassab v. Central Soya*, the Court concluded: "on this issue [vertical privity] the code must be co-extensive with Restatement Section 402a in the case of product liability." 432 Pa. 231, 246 A.2d 854. The court further noted that the reasons for elimination of privity and the imposition of strict liability apply equally to both tort and contract actions; the consumer's inability to protect himself adequately from defectively manufactured goods; the implied assurance on the part of the seller that the goods are safe; and the superior risk bearing ability of the manufacturer (fn. 6, p. 23). None of these reasons apply to the casual seller in an isolated transaction. We hold, therefore, that plaintiffs are barred from asserting a cause of action against Defendants Morrisons based on any warranty between Morrisons and Shetler.