Vaughn W. LEMLEY and Anna L. Lemley, his wife, Plaintiffs,

v.

J & B TIRE COMPANY et al., Defendants and Third-Party Plaintiffs,

v.

Daniel W. SHETLER, III, Third-Party Defendant.

Civ. A. No. 75–1333.

United States District Court, W. D. Pennsylvania.

March 1, 1977.

Milton D. Rosenberg, Washington, Pa., for plaintiffs.

· George M. Weis, Robert C. Jones, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

### (MOTION OF DEFENDANT J & B TIRE COMPANY)

WEBER, Chief Judge.

In this case J & B Tire Company repaired the brake of an automobile owned by Morrison. Morrisons sold the automobile to Shetler. While Shetler was driving he collided with plaintiffs, allegedly because the brakes

failed. Plaintiffs have sued J & B Tire Company and Morrisons on causes of action under Rule 402A, Restatement Torts 2d for strict liability; for breach of warranty; and for negligence. In a separate opinion we have granted partial summary judgment dismissing the strict liability claim and the warranty claim against Defendants Morrison. 426 F.Supp. 1376.

J & B Tire Company has also moved for partial summary judgment of dismissal of the strict liability claims and the warranty claims against it.

■ The controlling legal question for the application of strict liability is the defendant's position in the transaction. Did he manufacture or supply a mass product to the general public so as to justify elimination of proof of negligence in imposing liability? If so, we are not concerned with the question of privity. Our reading of *Kassab v. Central Soya*, 432 Pa. 217, 246 A.2d 848 [1969] and *Salvador v. Atlantic Steel Boiler*, 457 Pa. 24, 319 A.2d 903 [1974] indicates that the protection of the warranty will extend as far and as broad as the strict liability of § 402A.

■ With respect to 402A liability, the Court concludes that J & B Tire Company, like the Morrisons, cannot be held liable under those theories. Section 402A, by its own terms, applies only to sellers. While "sellers" has been interpreted by courts to include retailers and manufacturers, as well as wholesalers, distributors and suppliers in general, there has been no general judicial expansion of this provision to include persons who supply a service. Thus, in *Raritan Trucking Corp. v. Aero Commander, Inc.*, 458 F.2d 1106 [3rd Cir. 1972] (decided under New Jersey Law) an airplane servicer who worked on a plane's landing gear was held not to be strictly liable in tort, but liable only upon a showing of negligence. Even in those hybrid sale-service transactions in which the "seller" is held subject to 402A, that liability is limited to defects in the product supplied and does not include nonnegligent mistakes in the service. See the discussion of *Newmark v. Gimbel's, Inc.*, 54 N.J. 585, 258 A.2d 697 [1969] in *Raritan*, supra, at 1115:

> "There the plaintiff had been injured when an allegedly defective permanent wave solution was applied to her hair by the defendant beauty parlor. The court, in holding the beauty parlor strictly liable for defects in the permanent wave solution, was careful to note the sales aspects of what it saw as a 'sales-service hybrid transaction.' It will be noted that the court there did not hold that the beauty parlor operator would be strictly liable for nonnegligent mistakes in its own application of the solution, but only for defects in the solution itself."

We find no differences under Pennsylvania law.

See also: "When Does a 'Service' Become a 'Sale'?", David L. Phipps, 39 Insurance Counsel Journal 274 [1972].

■ This conclusion that only "sellers" and not "repairers" are within the scope of 402A is fortified by the structure of the Restatement of Torts, 2d, itself. In Section 404 of the Restatement, it is provided:

> "One who as an independent contractor *negligently* makes, rebuilds, or repairs a chattel for another is subject to the same liability as that imposed upon negligent manufacturers of chattels." [Emphasis added].

That section provides for the liability of a repairer, like a manufacturer, but only upon a negligence standard. If the drafters wanted to make a repairman strictly liable for his defective work, they could well have said so. See: *Speyer, Inc. v. Humble Oil Co.*, 275 F.Supp. 861, 868 [W.D.Pa.1967], aff'd 403 F.2d 766 [3rd Cir. 1968].

■ In the present case there is no evidence suggested of any defects in the components supplied by J & B Tire Co. in the repair of the brakes. In neither the report of plaintiff's expert Proniker, or their new expert, Wilbert Messmer, is there any suggestion of defective parts. The sole claim is

negligence in the installation of the new brake shoes and self adjusting mechanism of the brakes. We will allow plaintiff to recover only upon a showing of negligence, in accordance with established principles of negligence law.

■ For the reasons stated with respect to the Morrison motion for partial summary judgment, we likewise will not permit a recovery against J & B on a breach of warranty theory. There was no privity of contract between plaintiff and J & B, and any warranties, express or implied, that J & B may have given the Morrisons, do not extend to the plaintiff. While *Salvador*, supra, and *Kassab*, supra, abolished the requirement of privity to make 402A liability and Uniform Commercial Code liability coextensive, the considerations in those cases differ from those here where the defendant is not a "seller". Aside from the fact that a repairman does not come within Article 2 of the Uniform Commercial Code which applies to transactions in "goods", § 2–102, as defined in § 2–105, the considerations in this case differ from those in *Salvador* where it is said:

"We have decided that no current societal interest is served by permitting the manufacturer to place a defective article in the stream of commerce and then to avoid responsibility for damages caused by the defect. He may not preclude an injured plaintiff's recovery by forcing him to prove negligence in the manufacturing process." 457 Pa. at p. 32, 319 A.2d at p. 907.

■ While the burden of proof to show negligence by a manufacturer is a difficult one where products are standardized and mass produced, the burden of showing negligence against a repairman, who must repair one car at a time, is easier. It was the social policy of protection of the consumer against the mass producer or distributor that induced the adoption of the strict liability doctrine. See Comment F to Sec. 402A. That policy is not applicable to the present factual situation of an individual repair and an isolated sale.