**Eugene R. KOHR and Elaine M. Kohr, his wife, et al.**

v.

**JOHNS–MANVILLE CORPORATION, et al.**

**Civ. A. No. 78–3942.**

United States District Court, E. D. Pennsylvania.

Feb. 3, 1982.

---

8. Substantially the same language appears in the Plan as amended January 1, 1976.

Greitzer & Locks, Philadelphia, Pa., for plaintiffs.

Daniel J. Ryan, Philadelphia, Pa., for Metropolitan Life Ins. Co.

Paul Seave and Arthur Makadon, Philadelphia, Pa., for Raybestos-Manhattan.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Defendant, Metropolitan Life Insurance Company (Metropolitan) moves for summary judgment pursuant to Fed.R.Civ.P. 56(b) and asserts that a series of gratuitous inspections performed a half century ago of co-defendant Raybestos Manhattan's (RM) asbestos plant cannot form the predicate for imposition of liability to plaintiffs, all employees of RM, who charge that the inspections were negligently performed and otherwise form the basis of liability. We need not detail all the allegations of all of the parties in this case; rather, we shall concentrate only on those raised by Metropolitan's motion. This Court's prior opinions set forth a more complete factual and legal context within which the instant motion arises. *See Kohr v. Raybestos-Manhattan, Inc.*, 522 F.Supp. 1070 (E.D.Pa.1981) (panel opinion); *Kohr v. Raybestos-Manhattan, Inc.*, 505 F.Supp. 159 (E.D.Pa.1981); *Kohr v. Johns-Manville Corp.*, 87 F.R.D. 750 (E.D.Pa.1980).

■ Motions pursuant to Fed.R.Civ.P. 56, described as "drastic weapon[s]", *Wire Mesh Products, Inc. v. Wire Belting Association*, 520 F.Supp. 1004, 1005 (E.D.Pa.1981), are aimed at cutting off a litigant's right to trial by jury; hence, they are properly granted only where there is no genuine issue of any material fact and the movant is accordingly entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). A "material fact" is one which affects the outcome of the litigation. *Goodman v. Mead, Johnson & Co.*, 534 F.2d 566 (3d Cir. 1976). The stringent standard which courts apply to Rule 56 motions includes the requirement that documents, filed in support of the motion, seeking to establish material facts as

to which there is no genuine issue, must be of such a quality as to be admissible at trial. *First National Bank Co. v. Insurance Company of North America*, 606 F.2d 760, 766 (7th Cir. 1976); *Sims v. Mack Truck Corp.*, 488 F.Supp. 592, 602 (E.D.Pa.1980).

■ In the case at bar, plaintiff resists Metropolitan's motion on a number of grounds, one of which is the suggestion that the exhibits filed by Metropolitan in support of its motion are probably not admissible at trial. Hence, plaintiff argues, Metropolitan cannot meet its burden of foreclosing the existence of material facts and the motion must be denied. The exhibits at issue purport to be studies conducted by Metropolitan of the dangers associated with inhalation of asbestos fibers in the work place. To conduct these studies, Metropolitan formed the Industrial Health Service (IHS), headed by Dr. Lanza, the members of which visited RM's plant in 1930, 1935, 1938 and 1939. At the conclusion of each visit, the IHS issued a report of its inspection and, on occasion, apparently suggested to RM's management that they take additional steps to minimize worker exposure to asbestos dust. Metropolitan asserts that plaintiff's accusation that it failed to exercise the appropriate standard of care in its inspections of the plant fails because the studies themselves evidence the fact that they were competently and gratuitously conducted. The problem with this argument is that the admissibility of the reports is contested, and one judge in this district has apparently ruled that they are, in fact, inadmissible. Since the admissibility of these documents is contested, and it appears, without the benefit of full briefs by counsel on this point, that some of the documents relied upon to foreclose material facts may be inadmissible, we deny defendant's motion.

■ We do not, however, end our analysis there. Assuming for present purposes, but not deciding, the veracity and admissibility of the reports submitted by Metropolitan and correspondence relating to the preparation of various studies by Dr. Lanza submitted by plaintiff, we nevertheless deny the motion.

Metropolitan asserts, *inter alia*, that the studies conducted of the RM plant were done gratuitously, presumably with an eye toward generating empirical data on asbestos-related health disorders. Since there was no contract requiring Metropolitan to do the study, Metropolitan asserts that plaintiff cannot claim any breach thereof under a third-party beneficiary theory. Hence, whether liability may be properly imposed requires reference to § 324A of the Restatement (Second) of Torts, recognized by federal courts as the law of Pennsylvania in *Evans v. Liberty Mutual Insurance Company*, 389 F.2d 665, 667 (3d Cir. 1968). It provides that

> [o]ne who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
>
> (a) his failure to exercise reasonable care increases the risk of such harm, or
>
> (b) he has undertaken to perform a duty owed by the other to the third person, or
>
> (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

Comment *b* further provides in relevant part that:

> This section applies to any undertaking to render services to another, where the actor's negligent conduct in the manner of performance of his undertaking . . . results in physical harm to the third person . . . . It applies to . . . undertakings . . . which are gratuitous.

In order to defeat Metropolitan's motion, plaintiff must adduce facts tending to show that Metropolitan, recognizing the study as necessary to protect RM workers, produced it with a lack of reasonable care in drawing its conclusions, thereby increasing risk of harm to plaintiff. If plaintiff can make that showing, the fact that the study was purportedly gratuitous is of no moment.

Metropolitan argues that there is no evidence to show that it was "in any way negligent" in conducting its survey. *See* Metropolitan's motion for summary judgment at 10. It then describes some of the methodology which Dr. Lanza employed in conducting the surveys and concludes with a review of his credentials. From this, and selected excerpts of the reports, Metropolitan asserts that it was not negligent in its conduct, did not increase the risks to plaintiff and, finally, that it did not undertake to perform RM's duty of providing a safe workplace for its employees.

The facts adduced by plaintiff tell a different story, however, one presenting a multitude of contested material facts which only a jury can properly determine. Plaintiff's proofs, assuming their veracity, cast doubt upon the *bona fide* nature of a number of Metropolitan's "empirical" studies. For example, plaintiff has produced correspondence between Dr. Lanza, an attorney for co-defendant Johns-Manville and RM which shows that some of Dr. Lanza's "empirical" studies were generated on behalf of the asbestos industry in an effort to minimize public perception regarding the dangers of asbestos exposure. True, this correspondence does not relate specifically to the preparation of the studies of RM's plant. However, it concerns studies by Dr. Lanza of the effects of asbestos exposure during the same time frame in which he studied RM's plant. Hence, a jury could infer that the "empirical" studies conducted by Dr. Lanza and now relied upon by Metropolitan, were, in fact, inaccurate and skewed by industry representatives in order to avoid the legal effect of asbestos exposure among workers. Therefore, plaintiff's assertion that he "relied" upon Metropolitan's study which indicated some, but perhaps not all, of the disorders incident to prolonged asbestos exposure brings Metropolitan within the scope of liability for breach of the duty imposed by § 324A(c). *Accord, Toppi v. United States*, 327 F.Supp. 1277, 1279 (E.D. Pa.1971) ("plaintiff may be able to establish that the government in fact undertook inspection, that such undertaking was negligently performed, and that plaintiff reasonably relied upon such inspection thereby causing his injuries").

Upon reviewing applicable case law the court in *Blessing v. United States*, 447 F.Supp. 1160, 1191 (E.D.Pa.1978) observed that § 324A liability is properly imposed for negligent inspection and the resulting harm where the defendant, inspector, "undertakes an inspection of the very instrumentality at issue". Where, as here, plaintiffs have alleged that Metropolitan "failed to exercise the standard of skill it was obliged to exercise by reason of [their] undertaking" and have adduced facts in support of that contention, summary judgment is inappropriate.

Metropolitan's argument that RM did not rely on its studies and hence did not forego the opportunities to sanitize its production facilities also misses the mark. Again, the letter to Dr. Lanza from Johns-Manville's attorney on December 10, 1934, states that he "shall endeavor to persuade them [RM] not to insist upon an examination" of the report then being prepared. Two weeks later he wrote to RM that he needed the galley proof returned *immediately*, "before you ha[ve] the opportunity to examine it". Hence, it appears that Metropolitan may have failed to fully disclose all of Dr. Lanza's findings to RM. Therefore, RM could have relied upon the incomplete studies provided to it; had it received all of Dr. Lanza's reports, it might have increased its safety procedures. The completeness and accuracy of the studies which RM received from Metropolitan and their degree of reliance thereon are all material issues of fact obstructing summary judgment.

Metropolitan also urges summary judgment on the ground that there is no causal link between its asserted negligence and plaintiff's injuries. It correctly asserts that plaintiff must show that Metropolitan's actions were a substantial factor in bringing about plaintiff's harm. *Estate of Flickinger v. Ritsky*, 452 Pa. 69, 305 A.2d 40 (1973). However, a jury could infer from the record facts that Metropolitan's acts and omissions were, indeed, a "substantial factor" in bringing about plaintiff's injuries. Finally,

**260**

the issue of proximate cause is ordinarily determined by a jury. The fact that so much time has elapsed between Metropolitan's asserted negligent conduct and the filing of plaintiff's complaint does not break the causal chain where plaintiff complains of diseases, the severity of which is dependent upon the length and degree of exposure, and which have incubation periods of many years. If, in fact, Metropolitan was negligent in its conduct, but that negligence was superseded by RM's *subsequent* negligence, Metropolitan would still be liable for the harm to plaintiff up until the time that RM's negligence became a superseding cause. Consequently, if the jury finds that Metropolitan's negligence was a substantial factor, for only five years, in causing plaintiff's injuries, then Metropolitan will be liable for whatever illness plaintiff suffers as a result of the inhalation of asbestos fibers for these five years.

■ Metropolitan's motion also inveighs against plaintiff's attempt to hold it liable under theories of strict liability since it only provided a *service* to RM. It did not sell a *product*. Plaintiff, disagreeing with this characterization of the RM–Metropolitan transaction, argues that there was a "sale" sufficient to satisfy the requirements of § 402A. It was the purchase of "knowledge, expertise and dust surveys". Plaintiff's motion in opposition to Metropolitan's motion for summary judgment at 18. However, plaintiff's characterization of the transaction fails to satisfy the requirements of § 402A which admits of "no general judicial expansion ... to include persons who supply a service". *Lemley v. J. & B. Tire Co.*, 426 F.Supp. 1378, 1379 (W.D.Pa. 1977). In *Lemley,* plaintiff sought recovery against a tire company which had allegedly negligently repaired the brakes on plaintiff's car. The court held that in a "hybrid sales-service transaction" § 402A liability is "limited to defects in the product supplied and does not include non-negligent mistakes in the service". *Id. Accord, Abdul-Warith v. Arthur G. McKee and Co.*, 488 F.Supp. 306, 310–11 n.3 (E.D.Pa.1980) (where an architect of engineer supplies a design or "merely supervises" strict liability is inappropriate). *See also, Johnson v. William C. Ellis & Sons Iron Works, Inc.*, 604 F.2d 950, 954 (5th Cir. 1979). Even generously assuming that the case at bar involves a "hybrid" sales-service transaction, and we are not convinced that it does, the evidence adduced is insufficient to permit a jury to consider allegations based upon strict liability. We will, therefore, grant Metropolitan's motion as to plaintiff's strict liability claims.

We have carefully examined the remainder of Metropolitan's contentions in support of plaintiff's motion and find them lacking in merit. An appropriate order will issue.