**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**SAV–ON–DRUGS, INC., Respondent.**

No. 82–7484.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 2, 1983.

Decided June 27, 1983.

---

Elliott Moore, N.L.R.B., Washington, D.C., for petitioner.

Thomas S. Kerrigan, Timothy F. Ryan, McLaughlin & Irvin, Los Angeles, Cal., for respondent.

Before ELY, SNEED and TANG, Circuit Judges.

TANG, Circuit Judge:

The National Labor Relations Board ["the Board"] petitions for enforcement of its May 28, 1982 orders, pertaining to the refusal of Sav-On-Drugs, Inc. ["Sav-On" or "the company"] to bargain and to Sav-On's unilateral changes in terms and conditions of employment. Sav-On opposes the Board's application alleging that the Board abused its discretion in (1) reviewing and overturning the Regional Director's decision, and (2) in disposing of the case by summary judgment, thereby precluding Sav-On from adducing evidence of prejudice suffered by its reliance on the Regional Director's representation decision. Sav-On's arguments are meritless. We enforce the Board's orders in full.

I

BACKGROUND

On May 1, 1978, the Guild for Professional Pharmacists ["the Guild"] petitioned the Board seeking to represent all pharmacists employed by Sav-On in California. The Regional Director dismissed the petitions on September 26, 1978, ruling that the Guild was not a labor organization within the meaning of section 2(5) (29 U.S.C. § 152(5)) of the National Labor Relations Act ["the Act"] because it was dominated by employees classified as pharmacy managers. The Regional Director found this classification to be supervisory.

On October 6, 1978, the Guild timely requested the Board to review the Regional Director's decision. The Board granted the request on November 8, 1978.

While the Board's decision in the representation case was still pending on January 5, 1979, the company discharged two pharmacy managers because of their union activity. The Guild promptly filed unfair labor practice ["ULP"] charges alleging violations of section 8(a)(3) and (1) (29 U.S.C. § 158(a)(3) and (1)) of the Act. There was also a strike by 59 pharmacy employees.

Sav-On responded by discharging all the strikers.

Subsequently, on July 31, 1979, the full Board issued its decision on review of the Regional Director's determination in the representation case. Sav-On Drugs, Inc., 243 N.L.R.B. 859 (1979). The Board by majority decision concluded as a matter of law that the Regional Director erroneously determined that the Guild was not a labor organization. It also found that the pharmacy managers were not supervisors within the meaning of the Act. The Board ordered an election and a representation election was conducted on November 28, 1979. The Guild was designated as their representative by a majority of the unit employees.

On December 18, 1980, the Board filed its decision in the ULP proceeding involving the discharged pharmacy employees. Sav-On Drugs, Inc., 253 N.L.R.B. 816 (1980). It found that Sav-On violated section 8(a)(3) and (1) of the Act by discharging the two pharmacy managers and the strikers. The Board petitioned this court for enforcement of its order requiring an offer of reinstatement and back pay to the discharged employees. This court declined to enforce the Board's order because of the Guild's failure to request a stay of the dismissal of the representation petition and the unions' disruption of the status quo during the period between the Regional Director's decision and the Board's review. N.L.R.B. v. Sav-On Drugs, Inc., 704 F.2d 1147 (9th Cir. 1983).

On February 10, 1981, the Guild was certified by the Regional Director as the pharmacists' collective bargaining representative. On February 19, 1981, and again on March 26, 1981, the Guild made a written request to Sav-On for the commencement of bargaining. On April 9, 1981, the company notified the Guild of its refusal to bargain.

On April 22, 1981, the Guild filed a ULP charge alleging that the company's refusal to bargain violated section 8(a)(5) and (1) of the Act (29 U.S.C. § 158(a)(5) and (1)). The General Counsel moved for transfer of the

ULP proceeding to the Board and for summary judgment. The company opposed summary judgment on the grounds that the Guild was not qualified to be a collective bargaining representative because it is dominated by supervisors, that the Board abused its discretion in reversing the Regional Director's representation decision, that the Board's procedural action denied the company due process of law, and that a material issue of fact existed, i.e., prejudice suffered by the company as a result of the Board's reversal of the Regional Director's representation decision.

On July 21, 1981, the Guild filed an additional ULP charge alleging that the company unilaterally changed terms and conditions of employment by granting a wage increase to unit employees on May 4, 1981, in violation of section 8(a)(5) and (1) of the Act (29 U.S.C. § 158(a)(5) and (1)). The General Counsel moved for transfer and summary judgment as to this charge also. The company opposed the motion on the same grounds set forth above.

On May 28, 1982, the Board issued decisions and orders granting the motions for summary judgment in both cases. *Sav-On Drugs, Inc.*, 261 N.L.R.B. No. 189, 110 L.R. R.M. (BNA) 1199 (1982) (refusal to bargain); *Sav-On Drugs, Inc.*, 261 N.L.R.B. No. 174, 110 L.R.R.M. (BNA) 1231 (1982) (unilateral wage increase). The Board found the company's affirmative defenses devoid of merit. It ordered the company to cease and desist from refusing to bargain with the Guild, from unilaterally granting wage increases and from interfering with, restraining or coercing employees in any like or related manner. Affirmatively, the Board ordered the company to bargain with the Guild, to embody any resulting agreement in a signed contract, and to post appropriate notices. The Board is before this court seeking enforcement of the orders issued on May 28, 1982. The company opposes the Board's application for enforcement on two grounds. Sav-On contends that: (1) the Board abused its discretion in granting review of and overturning the decision and order of the Regional Director; and (2) the Board abused its discretion in

disposing of the case by summary judgment thereby precluding the company from adducing evidence of prejudice and hardship.

## II

### THE BOARD'S REVIEW

#### A. *Grant of Review*

The company argues that the Board deviated from the rules set forth in 29 C.F.R. § 102.67(c) governing review of decisions of the Regional Director in representation cases. That regulation provides:

The Board will grant a request for review only where compelling reasons exist therefor. Accordingly, a request for review may be granted only upon one or more of the following grounds:

(1) That a substantial question of law or policy is raised because of (i) the absence of, or (ii) a departure from officially reported Board precedent.

(2) That the Regional Director's decision on a substantial factual issue is clearly erroneous on the record and such error prejudicially affects the rights of a party.

(3) That the conduct of the hearing or any ruling made in connection with the proceeding has resulted in prejudicial error.

(4) That there are compelling reasons for reconsideration of an important Board rule or policy.

29 C.F.R. § 102.67(c) (1982).

The company claims these standards are "highly restrictive" of the Board's right to review and the Board may not grant review absent "compelling reasons" premised on one of the grounds specified in the regulation. According to the company, the Board failed to disclose the ground upon which review was granted and adequate grounds for review were nonexistent. It asserts for these reasons that the Board abused its discretion by failing to comply with its own rules. The company does not, however, challenge the merits of the Board's conclusion.

Sav-On relies primarily on *Pepsi-Cola Buffalo Bottling Co. v. N.L.R.B.,* 409 F.2d 676 (2d Cir.), *cert. denied,* 396 U.S. 904, 90 S.Ct. 219, 24 L.Ed.2d 181 (1969) as support for its position that the standards for the Board's grant of review of decisions of the Regional Director in representation cases are "highly restrictive". In that case the union petitioned for certification as the representative of the company's distributors. The company sought denial of certification on the ground that the distributors were independent contractors. The Regional Director found that the distributors were employees and ordered an election. The employer petitioned the Board for review. The Board denied review on the ground that the issues raised by the company were not sufficiently compelling to warrant review under 29 C.F.R. § 102.67(c). The union won the election. The employer refused to bargain and was charged with an unfair labor practice. The General Counsel moved the Board for summary judgment in the ULP proceeding. The Board ruled that under 29 C.F.R. § 102.67(f) denial of a request for review of a Regional Director's decision constitutes an affirmance and parties are precluded from relitigating any issues related to the Regional Director's decision in a related subsequent ULP proceeding. The Board granted the General Counsel's motion. The Second Circuit observed that subsection (c) was "highly restrictive" of the Board's right to review decisions of the Regional Director (*id.* at 678) and subsection (f) operated to preclude the Board from considering, in ULP proceedings, questions related to the underlying representation case. *Id.* at 679. Thus, most representation questions escaped Board review with a consequent shift of responsibility from the Board to the Regional Director. *Id.* The court noted that such deference to the Regional Director was not intended by Congress and that the Board's experience is particularly relevant in deciding complex bargaining unit questions before sanctions arising from the finding of a ULP are invoked. *Id.* at 680. The court remanded the case to the Board so that the Board could at least review the record to determine wheth-

er the Regional Director's decision was correct. *Id.* at 681–82.

It is readily apparent that *Pepsi-Cola* does not stand as a compelling authority for Sav-On's position. Although the court made reference to the "highly restrictive" standard of subsection (c), it determined that the Board could not abdicate its responsibility by granting such wide deference to the Regional Director as provided by the combined operative effect of subsections (c) and (f). In the instant case, contrary to *Pepsi-Cola,* the Board decided to review the Regional Director's decision. The Board's action is not in any way inconsistent with the language or spirit of the *Pepsi-Cola* case.

Notwithstanding Sav-On's misplaced reliance on *Pepsi-Cola,* its point that section 102.67(c) limits the Board's power of review is obviously correct. *See N.L.R.B. v. Sav-On Drugs, Inc.,* 704 F.2d 1147, 1148; *N.L.R.B. v. Difco Laboratories, Inc.,* 389 F.2d 663, 668 (6th Cir.), *cert. denied,* 393 U.S. 828, 89 S.Ct. 91, 21 L.Ed.2d 98 (1968). The company maintains that the Board did not disclose its ground for granting review and it assumes that the Board granted review under subsection (c)(2) because it found the Regional Director's decision to be clearly erroneous. It argues that the Regional Director's decision was not clearly erroneous and therefore the grant of review was improper.

■ Again, however, the company misses the mark. First, it cites no authority for the position that the Board must articulate the specific ground relied upon for granting review. Second, even assuming such articulation is required, the Board did state that the Regional Director erred in concluding that a union dominated by supervisors is not a labor organization within the meaning of the Act and that the conclusion is inconsistent with established Board precedent. This is sufficient to constitute an articulation that review was justified because the Regional Director departed "from officially reported Board precedent." 29 C.F.R. § 102.67(c)(1)(ii). Third, because the Board's review was premised on the Re-

gional Director's deviation from Board precedent, we need not address the company's argument concerning the lack of clear error in the Regional Director's factual determination.

The Regional Director's conclusion that a union which is dominated by supervisors is not a "labor organization within the meaning of the Act" is inconsistent with NLRB precedent. In *Sierra Vista Hospital, Inc.,* 241 N.L.R.B. 631 (1979) the Board held:

> The mere presence of supervisors in a labor organization is virtually irrelevant to determining status under Section 2(5) of the Act. Indeed, we have, with court approval, uniformly construed Section 2(5) to reach all associations which exist for the purpose, in whole or part, of collective bargaining and which admit employees to membership, despite the fact that supervisors, in addition to employees and even in substantial numbers, may likewise be admitted.

*Id.; see also Int'l Organization of Masters, Mates and Pilots,* 144 N.L.R.B. 1172 (1963), aff'd, 351 F.2d 771 (D.C.Cir.1965). In *Sierra Vista* the Board also noted that the question of statutory labor organization status is distinct from the question of the "labor organization's *qualification* to act as a bargaining representative." *Id.* (emphasis added). The Board set forth criteria in *Sierra Vista* for determining the question of whether the presence of supervisors in an association operates to disqualify it from bargaining.

In this case, the Regional Director failed to analyze the facts in terms of the question of "qualification" to represent because of his mistaken legal conclusion that supervisor domination extinguishes an association's legal status as a "labor organization". Because the Regional Director applied the wrong standard and departed from Board precedent, the Board was justified in reviewing the decision under 29 C.F.R. § 102.-67(c)(1)(ii).

## B. *Scope of Review*

Having jurisdiction to review the Regional Director's decision the Board proceeded to examine whether the Guild would be qualified to represent employees in collective bargaining. Upon review of the record the Board found, contrary to the Regional Director, that pharmacy managers as a class are not supervisors. Thus, pharmacy managers were included in the unit. This finding negated Sav-On's contention that because the Guild was dominated by pharmacy managers, it could not represent members of the pharmacists unit.

■ Sav-On does not challenge the merits of the Board's finding. It merely asserts that, even if the Board had jurisdiction to review the Regional Director's representation decision under 29 C.F.R. § 102.-67(c)(1)(ii), its jurisdiction was limited to the issue of whether the Guild was a labor organization within the meaning of the Act. Sav-On argues that the Board was not at liberty to review all aspects of the record and make findings and conclusions different from those made by the Regional Director because 29 C.F.R. § 102.67(j) authorizes plenary review only when a case is "transferred" to the Board by the Regional Director under subsection (h) of that regulation. According to Sav-On, plenary review is not authorized when the Board grants review under subsection (c) of the regulation.

The company's argument is meritless. The entire section 102.67 deals with proceedings which move from the Regional Director to the Board. Subsection (j) is the final subsection in that regulation. It is clear that it applies to delineate the scope of review as to any matter properly coming before the Board under any of the paths enunciated in the regulation.

Subsection (j) provides:

> Upon *transfer* of the case to the Board, the Board shall proceed, either forthwith upon the record, or after oral argument or the submission of briefs, or further hearing, as it may determine, to decide the issues referred to it or to review the decision of the Regional Director and shall direct a secret ballot of the employees or the appropriate action to be taken on impounded ballots of an election already conducted, dismiss the petition, af-

firm or reverse the Regional Director's order in whole or in part, or make such other disposition of the matter as it deems appropriate.

29 C.F.R. § 102.67(j) (1982) (emphasis added).

The use of the word "transfer" in subsection (j) may be somewhat misleading in light of the usage of the term in subsection (h).[1] However, it is clear from the language of subsection (j) that the term transfer is used generically to include any case coming before the Board under section 102.-67. Subsection (j) directs the Board to "decide the issues *referred to it* or to *review the decision* of the Regional Director." Subsection (h) permits the transfer of questions by the Regional Director "before decision". Subsection (c) provides for "review" of the Regional Director's decision at the request of a party. Clearly, subsection (j) contemplates and permits the Board's full consideration of the case either where the Regional Director has declined to decide the matter and has "referred" the case to the Board or where the case comes before the Board at the request of a party for "review" of a decision of the Regional Director.

Because the case was properly before the Board under subsection (c), the Board had the authority under subsection (j) to conduct a plenary review of the proceeding and record and reach findings and conclusions different from those reached by the Regional Director. The company does not challenge the merits of the Board's decision. This constitutes a waiver. *N.L.R.B. v. Nevis Industries, Inc.,* 647 F.2d 905, 908 (9th Cir.1981); *Riverside Press, Inc. v. N.L.R.B.,* 415 F.2d 281, 284–85 (5th Cir.1969), *cert. denied,* 397 U.S. 912, 90 S.Ct. 915, 25 L.Ed.2d 94 (1970). In any event, we are satisfied that the Board's findings are supported by substantial evidence on the record viewed as a whole. *See, e.g., N.L.R.B. v.*

*Big Bear Supermarket No. 3,* 640 F.2d 924, 930–31 (9th Cir.), *cert. denied,* 449 U.S. 919, 101 S.Ct. 318, 66 L.Ed.2d 147 (1980). Therefore, the Guild was properly certified as the bargaining representative.

■ The company concedes that it unilaterally granted wage increases and refused to bargain with the Guild. Therefore, violations of section 8(a)(5) and (1) are established. *See N.L.R.B. v. Katz,* 369 U.S. 736, 745–47, 82 S.Ct. 1107, 1112–14, 8 L.Ed.2d 230 (1962) (unilateral change in terms and conditions of employment constitutes violation of section 8(a)(5) and (1) of the Act); *Aaron Bros. Co. v. N.L.R.B.,* 661 F.2d 750, 752–754 (9th Cir.1981) (same); *N.T. Enloe Memorial Hosp. v. N.L.R.B.,* 682 F.2d 790, 794 (9th Cir.1982) (refusal to bargain with newly certified union constitutes a violation of section 8(a)(5) and (1) of the Act).

### C. *Summary Judgment*

■ The General Counsel made motions to the Board for summary judgment in the ULP proceedings. The company opposed the motions on the ground that an evidentiary hearing was required because it intended to adduce facts showing that it suffered prejudice as a result of its reliance on the Regional Director's determination of the legal status of the Guild and the Board's subsequent reversal of that decision. The Board entered summary judgment. The company contends that this was an abuse of discretion.

The Board may grant summary judgment in an unfair labor practice proceeding where no material issue of fact exists. *N.L.R.B. v. W.S. Hatch Co.,* 474 F.2d 558, 562 (9th Cir.1973); *cf. Pinetree Transportation Co. v. N.L.R.B.,* 686 F.2d 740, 744–46 (9th Cir.1982). The company has failed to demonstrate the existence of a material issue of fact.

---

**1.** Subsection (h) provides:

In any case in which it appears to the Regional Director that the proceeding raises questions which should be decided by the Board, he may, at any time, issue an order, to be effective after the close of the hearing and

before decision, transferring the case to the Board for decision. Such an order may be served on the parties upon the record of the hearing.

29 C.F.R. § 102.67(h).

Sav-On has failed to articulate how any prejudice suffered by reason of the Board's reversal is material to this case. The only issue of fact raised by Sav-On for consideration is the prejudice suffered as a result of its discharge of the pharmacy managers in reliance on the Regional Director's decision. Such a factual inquiry may have been relevant to the ULP proceedings addressed in *N.L.R.B. v. Sav-On Drugs, Inc.,* 704 F.2d 1147. In that case the ULP charge related directly to the discharges of unit employees and the Board's remedial order required reinstatement and backpay. Moreover, the actions taken by the company in reliance on the Regional Director's decision occurred in the interim period between the Regional Director's decision and the Board's reversal.

In this case, however, the ULP proceedings involved charges of refusal to bargain and unilateral changes in terms and conditions of employment. The relief granted by the Board is prospective only. More importantly, both charges emanate from actions taken by Sav-On long after the Board's reversal of the Regional Director's decision in the representation proceeding. Sav-On cannot argue that its refusal to bargain and unilateral actions were taken in reliance on a decision of the Regional Director which had long since been overturned.

Finally, Sav-On asserts that evidence of prejudice suffered by reason of its purported reliance on the Regional Director's representation decision should have been admitted by the Board in the ULP proceedings because Sav-On's objective was to obtain indirect review of the representation proceeding by committing the unfair labor practices under consideration. However, Sav-On does not challenge the validity of the Guild's certification nor does it articulate what possible relevance this evidence would have to the issues pending before us. In any event, we find no basis for holding that the Guild was not properly certified as the pharmacist's collective bargaining rep-

resentative and conclude the question of prejudice is wholly irrelevant to the issue of whether Sav-On violated section 8(a)(5) and (1) of the Act by refusing to bargain with the Guild and by unilaterally granting wage increases to unit employees subsequent to the certification.

Sav-On has not demonstrated the relevance to these proceedings of any actions it took in reliance on the Regional Director's representation decision. Because Sav-On has not demonstrated the existence of a material issue of fact, we conclude that the Board did not abuse its discretion in disposing of the cases by summary judgment.[2]

### III

### CONCLUSION

In summary, the Regional Director's conclusion that the Guild was not a labor organization within the meaning of the Act because of supervisor domination is inconsistent with officially reported Board precedent. Therefore, the Board was permitted to review the Regional Director's decision under 29 C.F.R. § 102.67(c)(1)(ii). Having the right to review the decision, the Board was permitted under 29 C.F.R. § 102.67(j) to review all aspects of the record and arrive at findings and conclusions different from those reached by the Regional Director. Finally, the Board did not abuse its discretion in precluding the company from adducing evidence of hardship and in disposing of the case by summary judgment. Sav-On has failed to demonstrate the relevance to these proceedings of any prejudice suffered as a result of its purported reliance on the Regional Director's decision in the representation proceeding.

We enforce the Board's orders in full.

**2.** Because we conclude that the proffered evidence of reliance and prejudice is irrelevant to these proceedings, we need not decide whether Sav-On's purported reliance on the Regional

Director's representation decision could have been justified in the context of this case. *Cf. N.L.R.B. v. Sav-On Drugs, Inc.,* 704 F.2d 1147.