John SEDOR

v.

UNITED MINE WORKERS OF AMERICA and Anthracite Health & Welfare Fund of the United Mine Workers of America and William J. Savitsky and Edward W. Helfrick and Frank J. Galgay.

Civ. A. No. 82–3074.

United States District Court,
E.D. Pennsylvania.

June 29, 1983.

James Watt, Jr., Pottsville, Pa., for plaintiff.

A. Richard Caputo, Wilkes Barre, Pa., for defendants.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Plaintiff, instituting the action under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* (ERISA), complains that defendants[1] wrongfully denied him pension benefits when they failed to properly give him credit for the full twenty years that he worked as a coal miner. Specifically, plaintiff alleges that the pension plan, administered by defendants, provides for the payment of benefits to retired employees with at least twenty years of past service credit. Defendants, moving for summary judgment, argue that plaintiff is not entitled to twenty years' credit because his employer from 1948–1957, the Dyzel Coal

Co. (Dyzel), was not a signatory to any collective bargaining agreement.

In order to obtain pension credit for work as a miner the pension plan established by the Fund provides that the miner, or "plan participant", have at least twenty years of "Classified Employment" which is defined as employment "by an Operator for which the Operator is obligated by its agreement to contribute to the Fund". Pension Plan, § 1.01. An "Operator" in turn, is defined as

> an employer signatory to the Wage Agreement with the Union requiring contributions to the Fund, or who in writing adopts and agrees to be bound by the terms of the Wage Agreement and Trust Agreement. [The] term ["operator"] shall not be deemed to include an employer simply because it is part of a controlled group of corporations or of a trade business under common control, some part of which is an operator.

Pension Plan, § 1.07.

Defendants urge that because one of plaintiff's employers, Dyzel, was not a signatory to any union wage agreement and because Dyzel was not obligated to contribute to the Fund's pension plan, that the time that plaintiff was employed with Dyzel is not includable in computing the required twenty years.

Plaintiff, cross-moving for summary judgment, urges that he paid union dues to an agent of the United Mine Workers while employed at Dyzel. Hence, plaintiff argues that his employment at Dyzel should be counted toward the twenty years because Dyzel was, at the relevant time, "an employer signatory [to a] wage agreement with the Union". *See,* Pension Plan § 1.07. This assertion overlooks the further requirement of § 1.07 that the wage agreement between the employer and Union must obligate the employer to contribute to the pension plan or Fund. The mere fact

---

1. Named as defendants are the United Mine Workers and William J. Savitsky, Edward W. Helfrick and Frank J. Galgay, trustees of defendant, Anthracite Health & Welfare Fund of the United Mine Workers of America. For the sake of clarity and simplicity we shall refer to these individuals and entities as "defendants". We shall also, on occasion, refer to the Anthracite Health & Welfare Fund of the United Mine Workers of America as "Fund".

that plaintiff paid Union dues does not, however, *establish* the further fact that the employer was obligated to contribute to the Fund. Therefore, plaintiff has not carried his burden on his cross-motion for summary judgment and we shall deny same.

■ Defendants, on the other hand, have made a showing that Dyzel did not contribute to the pension plan and that plaintiff's work for that company cannot be counted toward the requirement of the Fund that an employee spend twenty years working for a contributing employer. We shall nevertheless deny defendants' motion for summary judgment because of the method by which credit for non-work periods may be accrued.

Section 3.04 of the Pension Plan provides: Credits for Non-Working Periods During the Contribution Period.

This section recognizes certain periods when a Participant is not actually at work in Classified Employment but is to receive credit just as if he were working in Classified Employment. Periods of absence from Classified Employment are to be credited as though they were worked in Classified Employment as follows:

(a) Service in any of the armed forces of the United States in time of war or national emergency or pursuant to a national conscription law, provided the Participant left Classified Employment to enter such service and makes himself available for Classified Employment within six months after release from active duty or six months after recovery from a disability continuing after his release from active duty, but excluding periods of voluntary reenlistments not effected during a national emergency or time of war.

(b) For a period not to exceed four years for which workmen's compensation disability benefits were paid, if the disability was based on a mine injury or mine occupational disease, provided the Participant was last, or at the time of the accident, employed in Classified Employment.

(c) A Participant awarded black lung benefits under the Federal Coal Mine Health and Safety Act of 1969 shall receive credit on the same basis as for workmen's compensation, provided he last worked in the coal industry after December 30, 1969.

Plaintiff alleges, but does not factually establish, that he received both workmen's compensation and black lung benefits for four, non-overlapping years. Hence, he argues that § 3.04(b) and (c) require that he receive eight years' credit toward the required twenty. These eight years for "non-working periods", added to his recognized thirteen and a half years of credited work time, more than equal the required twenty years. Therefore, plaintiff believes that he has satisfied this obligatory twenty-year period of credit and that he should receive a pension.

Resisting plaintiff's construction of § 3.04, defendants state, but also fail to establish, that plaintiff's proffered reading of § 3.04 is erroneous. Defendants urge that § 3.04(b) and (c) are meant to be read in the disjunctive rather than in the conjunctive or cumulative manner that plaintiff proposes. In fact, defendants urge that plaintiff's construction of § 3.04(b) and (c) is contrary to the disjunctive interpretation of the Fund's trustees. Since the trustees' interpretation is legally entitled to deference, *Gordon v. ILWU–PMA Benefit Funds,* 616 F.2d 433 at 439 (9th Cir.1980), the defendants erroneously urge that they are entitled to summary judgment. *Gordon* was cited with approval in *Rosen v. Hotel and Restaurant Employees & Bartenders Union,* 637 F.2d 592, 596 (3d Cir.), *cert. denied,* 454 U.S. 898, 102 S.Ct. 398, 70 L.Ed.2d 213 (1981), which specifically adopted the "arbitrary and capricious" standard. *See also, Stacey v. Combs,* 671 F.2d 602, 606 (D.C.Cir.1982); *Bickel v. Long Term Disability Plan of Western Electric,* 541 F.Supp. 685, 687 (E.D.Pa.1982). The factual record with which we have been presented is, however, deficient and permits review under neither the "reasonableness" nor the "arbitrary and capricious" standard.

Specifically, the trustees' asserted interpretation of § 3.04 is contained in a letter from counsel to the court, it is not contained in an affidavit or any other form of

admissible evidence. Yet, in order to succeed on a motion for summary judgment, counsel must rely upon facts which are admissible in evidence. *Kohr v. Johns-Manville Corp.,* 534 F.Supp. 256, 257–58 (E.D.Pa. 1982).

Even if defendants had submitted an affidavit that § 3.04(b) and (c) are not cumulative, summary judgment would, nevertheless, still be inappropriate. Specifically, *Gordon, supra,* requires only that we defer to "reasonable" interpretations of the trust agreement. The reasonableness of defendants' interpretation, that § 3.04(b) and (c) permit for non-cumulative accrual of credit, can best be tested by the consistency of this interpretation with respect to § 3.04(a) and whether its credit for non-work is cumulative with either § 3.04(b) or (c). If defendants have consistently interpreted § 3.04(a) as providing non-cumulative work credit with § 3.04(b) and (c), then the proffered interpretation at bar is neither "arbitrary" nor "capricious" and is "reasonable". If, on the other hand, § 3.04(a) has been read as permitting cumulative non-work credit with § 3.04(b) and (c), then the interpretation at bar is inconsistent therewith and properly viewed as "arbitrary".

To recapitulate, the structure of the trust document lists three methods of obtaining credit for non-work periods. *See,* § 3.04. Subsection (a) provides credit for the time which a plan participant spent in the armed forces. Subsection (b) provides credit for the time that a plan participant received workmen's compensation benefits. Subsection (c) provides credit for the time that a plan participant received black lung benefits. These subsections are simply listed after a sectional preamble.[2] They are neither joined with the conjunctive "and" nor separated with the disjunctive "or".

One method of testing the rationality of defendants' position is to determine wheth-

er or not they have consistently interpreted each of the subsections as providing credit in a non-cumulative, exclusive manner. For example, if credit which accrues for non-working periods due to military service, § 3.04(a), may be added to credit for non-working periods due to receipt of workmen's compensation benefits, § 3.04(b), it would strain credulity to conclude that credit for non-working periods due to receipt of black lung benefits, § 3.04(c), cannot be added to § 3.04(b) credits.

Simply stated, the linguistic uniformity with which subsections (a), (b) and (c) are either connected or separated should compel uniform interpretations with respect to the method by which these subsections provide either cumulative or non-cumulative periods of credit. Because this evidence has not been submitted to the Court, we shall deny both motions for summary judgment.

An appropriate order shall issue denying the parties' cross-motions for summary judgment.

---

2. The sectional preamble states in relevant part that, "[p]eriods of absence from Classified Employment *are* to be credited as though they were worked in Classified Employment ..." (emphasis added).

Use of the plural "periods" coupled with the word "are" appears to support plaintiff's theo-

ry that plan participants may accumulate credit for more than one period. If the trust agreement contemplated accrual of only one, non-cumulative period, then the preamble would, perhaps, provide that "*a period* of absence as Classified Employment *is* to be credited ...".