103 F.3d 139
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
SERVICE EMPLOYEES UNION, LOCAL 87, SERVICE EMPLOYEES
INTERNATIONAL UNION, AFL-CIO, Respondent.
 No. 95-70524.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 7, 1996.*
Decided Nov. 20, 1996.
 
 On Application for Enforcement of an Order of the National Labor Relations Board, Nos. 20-CC-3162, 20-CC-3164, 20-CC-3165, 20-CC-3168, 20-CC-3174, 20-CC-3177, 20-CC-3189, 20-CC-3190 and 20-CC-3196.
 NLRB,
 ORDER ENFORCED.
 Before: HUG, Chief Judge, REAVLEY** and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 The National Labor Relations Board ("the Board") filed an Application for Enforcement of Order on June 29, 1995 pursuant to Section 10(e) of the National Labor Relations Act ("NLRA"). The Board seeks enforcement of its remedial cease and desist order issued September 30, 1993 against the Service Employees Union ("the Union"). We enforce.
 
 
 3
 The Union does not contest the Board's findings of fact or conclusions of law and, therefore, waives such a challenge. Sparks Nugget, Inc. v. N.L.R.B., 968 F.2d 991, 998 (9th Cir.1992); N.L.R.B. v. Sav-On-Drugs, Inc., 709 F.2d 536, 542 (9th Cir.1983). The Union's sole basis for opposing enforcement of the order is the twenty-one (21) month lapse between the issuance of the remedial order and the filing of the Board's application for enforcement.
 
 
 4
 There is no statutory time limit for the filing of applications for enforcement under Section 10(e) of the NLRA. 29 U.S.C. § 160(e); N.L.R.B. v. Searle Auto Glass, Inc., 762 F.2d 769, 772 (9th Cir.1985). Because there is no statutory time limit, the doctrine of laches applies. Id. In order to invoke the doctrine of laches, the party challenging the timeliness of an application for enforcement must show that more time has elapsed than reasonably necessary and that it was prejudiced by the delay. Id. The Union has failed to establish either of these factors. The Board's delay was reasonable in light of the Union's voluntary compliance with the order for seventeen (17) months after its issuance. The Board filed its application a mere four (4) months after new charges of unfair labor practices were filed against the Union. Furthermore, the Union failed to show how it was in any way prejudiced by the delay in enforcing an order which merely prohibits it from violating the NLRA.
 
 
 5
 ENFORCED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Thomas M. Reavley, Senior United States Circuit Judge for the United States Court of Appeals, Fifth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3