**CORINTHIAN MORTGAGE CORPORATION, Plaintiff,**

v.

**FIRST SECURITY MORTGAGE COMPANY, et al., Defendants.**

**Civ. A. No. 89–2210–O.**

United States District Court,
D. Kansas.

July 14, 1989.

Thomas P. O'Donnell and James B. Albertson, III, O'Donnell & Albertson, Overland Park, Kan., for plaintiff.

Thacher Proffitt & Wood, Cohane Rafferty Securities, Inc., New York City, and Bruce W. Beye and Joseph R. Colantuono, Polsinelli, White, Vardeman & Shalton, Overland Park, Kan., for defendants.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on the motion of the defendant First Security Mortgage Company (FSMC) to dismiss for lack of personal jurisdiction. *See* Fed.R. Civ.P. 12(b)(2). The plaintiff Corinthian Mortgage Corporation (Corinthian) brought this action against FSMC, asserting causes of action for breach of contract and fraudulent misrepresentation. Jurisdiction is asserted under 28 U.S.C. § 1332.

The pertinent facts are as follows: FSMC is an Oklahoma corporation with its principal place of business in Tulsa, Oklahoma; its primary business is the servicing of loans under an agreement with the Government National Mortgage Association (GNMA). FSMC does not hold an interest in individual mortgages; rather, it assures that payment, insurance, taxes, and the like are properly collected and dispersed, and in return it receives a fee. FSMC has no offices, employees, or representatives in Kansas, and it does not solicit business in the state.

FSMC was solicited by a New York broker to make an offer to purchase GNMA loan servicing rights from a seller whose identity was unknown to FSMC. FSMC made an offer to the broker, the offer was accepted, and earnest money was deposited with the broker. The seller, as FSMC later learned, was Corinthian, a Mississippi corporation with its principal place of business in Kansas. Prior to the proposed closing date, officers of FSMC (in Oklahoma) and Corinthian (in Kansas) corresponded over the telephone and through the mails. According to a letter of understanding signed by both parties, FSMC's purchase was conditioned on its on-site review of Corinthian's records. The delivery of the loan servicing rights was to take place in FSMC's office in Tulsa, and following closing, FSMC was to pay an additional deposit on the purchase price to a bank account in Mississippi. However, the deal fell through, and the instant action resulted. FSMC now moves to dismiss, contending that this court lacks personal jurisdiction.

Corinthian bears the burden of proof regarding personal jurisdiction. *Hoffman v. United Telecommunications, Inc.*, 575 F.Supp. 1463, 1469 (D.Kan.1983). However, it must only make a prima facie showing that the constitutional and statutory requirements for the assumption of personal jurisdiction are met. *Id.* (citing cases).

In considering whether Corinthian has met this burden, the allegations in its complaint are taken as true unless controverted by affidavit, and any conflicting affidavits are to be construed in Corinthian's favor. *Behagen v. Amateur Basketball Association of the United States,* 744 F.2d 731, 733 (10th Cir.1984), *cert. denied,* 471 U.S. 1010, 105 S.Ct. 1879, 85 L.Ed.2d 171 (1985).

■ In considering personal jurisdiction questions in diversity cases, a two-step analysis is applied: The court must determine whether the defendant has sufficient contacts with the forum state so that the exercise of jurisdiction is consistent with the constitutional requirements of due process. *See Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984) (the minimum contacts requirement extends to federal courts sitting with diversity jurisdiction). Additionally, we must determine whether the law of the forum state authorizes the exercise of jurisdiction over the defendant. *See Yarbrough v. Elmer Bunker & Associates,* 669 F.2d 614, 616 (10th Cir.1982); *see also Hoffman,* 575 F.Supp. at 1469 (stating that the constitutional minimum contacts test and the state's jurisdictional statute must be satisfied).

Initially, we focus on the law of Kansas. Corinthian asserts that jurisdiction in this case is proper under subsections 2 and 5 of the Kansas long-arm statute, K.S.A. 60–308(b). The long-arm statute provides as follows:

(b) Any person, whether or not a citizen or resident of this state, who in person or through an agent or instrumentality does any of the acts hereinafter enumerated, thereby submits the person and, if an individual, the individual's personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of these acts:

(2) commission of a tortious act within this state;

\* \* \* \* \* \*

(5) entering into an express or implied contract, by mail or otherwise, with a resident of this state to be performed in whole or in part by either party in this state....

K.S.A. 60–308(b)(2) & (5).

■ Corinthian's complaint alleges that FSMC made fraudulent misrepresentations and thereby damaged Corinthian. Under Kansas law, even though a tortfeasor acts outside the state, a tort occurs in Kansas for purposes of long-arm jurisdiction if the act "cause[s] tortious injury to a resident in the state...." *Wegerer v. First Commodity Corp.,* 744 F.2d 719, 727–28 (10th Cir. 1984) (quoting *J.E.M. Corp. v. McClellan,* 462 F.Supp. 1246, 1252 (D.Kan.1978)). FSMC asserts that the above-cited cases are distinguishable, stating:

These cases ... involved Plaintiffs who were damaged *in Kansas* as a result of allegedly fraudulent misrepresentations made without the jurisdiction. Plaintiffs were individual residents of Kansas, whose damages, if any, occurred within the Court's jurisdiction. Payments, consideration, (all the indicia of a contract) were to be rendered in Kansas under all these cases. Clearly, the opposite is true under the facts here.

We disagree. Corinthian suffered the alleged injury not where the closing was to take place or where the deposit was to be made, but at its principal place of business, which is in Kansas. *See Engine Specialties, Inc. v. Bombardier Ltd.,* 605 F.2d 1, 19 (1st Cir.1979) (a choice of law case, stating that "[t]he place of injury is where the corporate plaintiff suffered the harm, *i.e.,* at its place of business"), *cert. denied,* 446 U.S. 983, 100 S.Ct. 2964, 64 L.Ed.2d 839 (1980); *Vishay Intertechnology, Inc. v. Delta International Corp.,* 696 F.2d 1062, 1067–68 (4th Cir.1982) (under the North Carolina long-arm statute, tortious conduct occurring in numerous states injures a corporate plaintiff at its principal place of business, where it loses profits); *Glendale Federal Savings & Loan Association v. Fox,* 481 F.Supp. 616, 624 (C.D.Cal.1979) (for purposes of determining venue, the place of the injury is the corporate plaintiff's principal place of business, where the primary effects of the defendant's actions are felt), *rev'd without published opinion,*

663 F.2d 1078 (9th Cir.1981). Thus, the requirements of K.S.A. 60–308(b)(2) are met.

■ Additionally, the requirements of K.S.A. 60–308(b)(5) are met. According to the complaint and the affidavit of Corinthian's senior vice president, Corinthian and FSMC entered into a contract for the sale of loan servicing rights. Pursuant to a letter of understanding, FSMC conditioned the sale on its (FSMC's) on-site review of the records of Corinthian.[1] Because Corinthian's principal place of business is in Kansas, the contract was to be performed in part in Kansas. Thus, the conditions of K.S.A. 60–308(b)(5) were met.

Next, we address the constitutional requirement of due process. The Tenth Circuit has endorsed a three-prong analysis for use when considering due process in the context of personal jurisdiction. *See Rambo v. American Southern Insurance Co.*, 839 F.2d 1415, 1419 n. 6 (10th Cir.1988) (adopting the three-stage analysis set forth by the Ninth Circuit in *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1287 (9th Cir.1977)). As indicated in the discussion below, clear boundaries do not separate the three prongs.

First, the defendant must have minimum contacts with the forum state. In *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and its progeny, the Supreme Court set forth the minimum contacts test, which requires that a defendant in a state court action have sufficient contacts with the forum state such that the suit "does not offend 'traditional notions of fair play and substantial justice.'" *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 293, 100 S.Ct. 559, 565, 62 L.Ed.2d 490 (1980) (quoting *International Shoe*, 326 U.S. at 316, 66 S.Ct. at 158 (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278 (1940))).

Second, the defendant must "purposefully [avail] itself of the privilege of conducting activities within the forum State."

*Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958). The purposeful availment requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts or of the 'unilateral activity of another party or a third person.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474–75, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985).

Third, the exercise of jurisdiction over the defendant must be reasonable. It must be "reasonable, in the context of our federal system of government, to require the corporation to defend the particular [diversity] suit which is brought [in the federal district court of the forum state]." *International Shoe*, 326 U.S. at 317, 66 S.Ct. at 158. In making the reasonableness inquiry, the court must consider several factors, including

the burden on the defendant, the interests of the forum state, and the plaintiff's interest in obtaining relief. It must also weigh in its determination "the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive social policies."

*Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102, 113, 107 S.Ct. 1026, 1034, 94 L.Ed.2d 92 (1987) (quoting *World–Wide Volkswagen*, 444 U.S. at 292, 100 S.Ct. at 564). The court must examine the quality and the nature of the defendant's contacts with the forum state to determine if it is reasonable to hale the defendant into court in the forum state. *Kulko v. Superior Court of California*, 436 U.S. 84, 92, 98 S.Ct. 1690, 1697, 56 L.Ed.2d 132 (1978).

■ In the instant action, FSMC entered into a contract with Corinthian, a corporation with its principal place of business in Kansas. In connection with the contract, FSMC mailed letters to Corinthian in Kansas. *See Rambo*, 839 F.2d at 1418 (although not necessarily indicating adequate contacts, the mailing of letters into the

---

1. At the time it set forth the condition, FSMC was unaware of the identity or location of Corinthian. However, upon learning of Corinthian, FSMC did not, to our knowledge, alter the condition.

forum state may provide sufficient connection for the exercise of personal jurisdiction). Additionally, at least part of the contract (FSMC's inspection of Corinthian's records) was to be performed in Kansas. Given these facts, we find that asserting jurisdiction over FSMC is consistent with the principles of fourteenth amendment due process. FSMC had minimum contacts with the state of Kansas, and these contacts were the result of and pursuant to FSMC's decision to enter into a contract with a Kansas-based corporation to be partially performed in Kansas. As the Tenth Circuit recognized in *Continental American Corp. v. Camera Controls Corp.*, 692 F.2d 1309 (10th Cir.1982), "modern commercial transactions often involve little contact with the forum beyond that of mail and telephone communications, and ... defending a suit in a foreign jurisdiction is not as burdensome as in the past. *Id.* at 1314 (citation omitted). Thus, this court's assertion of jurisdiction does not offend due process standards.

IT IS THEREFORE ORDERED that the motion of the defendant FSMC to dismiss for lack of personal jurisdiction is denied.